[Cite as *Rudolfsky v. Ohio Dept. of Transp.*, 2011-Ohio-6589.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIELLE RUDOLFSKY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-06625-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, Danielle Rudolfsky, filed this action against defendant, Department of Transportation (ODOT), alleging that she suffered property damage to her car as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Pleasant Valley Road in Parma, Ohio. Plaintiff related her vehicle struck a pothole and the impact caused tire damage to plaintiff's vehicle. In her complaint, plaintiff requested damages in the amount of $585.83, the stated cost of replacement parts and automotive repair expenses.

{¶2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Parma and not ODOT bears the maintenance responsibility for the section of Pleasant Valley Road where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and the City of Parma takes care of this section of Pleasant Valley Road." Defendant submitted documentation (map) showing that the particular section of Pleasant Valley Road is located within the maintenance jurisdiction of the City of Parma. ODOT advised, "[a]s such, this section of roadway is not within the maintenance jurisdiction of the defendant." The site of the damage-causing incident

was located in the City of Parma.

{¶3} On July 22, 2011, plaintiff filed a response stating she agreed with defendant's investigation results and requesting her claim be dismissed.

CONCLUSIONS OF LAW

{¶4} R.C. 2743.10(A) provides:

{¶5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶6} R.C. 2743.02(A)(1) states in pertinent part:

{¶7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶8} R.C. 5501.31 in pertinent part states:

{¶9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶10} The site of the damage-causing incident was not within the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIELLE RUDOLFSKY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-06625-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

    _____
    DANIEL R. BORCHERT
    Acting Clerk

Entry cc:

Danielle Rudolfsky
400 West Aurora Road #42
Sagamore Hills, Ohio  44067

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

7/25
Filed 8/3/11
Sent to S.C. reporter 12/20/11